**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BIL MANAGEMENT CORP., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | 06-0588 (NLH) |
| v. | : | |
| | : | |
| NEW JERSEY ECONOMIC | : | OPINION |
| DEVELOPMENT AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES**:
Edward F. Borden, Jr., Esquire
Earp Cohn, PC
20 Brace Road
4th Floor
Cherry Hill, NJ 08034
*Attorney for Plaintiff*

Sharon Deneen Dickerson, Esquire
Office of the Attorney General
Division of Law
25 Market Street
P.O. Box 106
3rd Floor - North Wing
Trenton, NJ 08625
*Attorney for Defendant*

**HILLMAN**, District Judge

## I.   INTRODUCTION

This matter comes before the Court upon defendant's motion to dismiss plaintiff's complaint pursuant to either the New Jersey Entire Controversy Doctrine or the Abstention doctrine. We find that the matter filed in the state court is parallel to

the matter filed in the federal court and dismiss plaintiff's complaint pursuant to Colorado River abstention.

## II.   BACKGROUND

On or about August 25, 2004, plaintiff BIL Management Corporation ("BIL") entered into a Ground Lease agreement with the New Jersey Economic Development Authority ("NJEDA") for the purpose of leasing a portion of property along the Camden, New Jersey waterfront in order to construct and operate a large format, three dimensional "IMAX theater."  On or about May 2, 2005, NJEDA sent BIL a Notice of Termination of the Ground Lease for BIL's failure to secure financing by May 1, 2005.

BIL filed a complaint against NJEDA on June 1, 2005, in the Superior Court of New Jersey, located in Camden, New Jersey, captioned as BIL Management Corporation v. New Jersey Economic Development Authority, Civil Action No. L4850-05 (hereinafter "State Action"), seeking specific performance as well as damages for breach of contract, breach of the implied covenant of good faith and fair dealing and unjust enrichment.  On or about October 10, 2005, NJEDA filed a motion for summary judgment which was denied by the New Jersey Superior Court on November 18, 2005. Discovery has progressed in the State Action with BIL serving written discovery requests, and NJEDA, along with the Department of the Treasury, producing more than 3,000 pages of documents.

BIL has also served subpoenas *duces tecum* on several state, local and private agencies and developers.

On February 9, 2006, BIL filed a second complaint against NJEDA in this Court (hereinafter "Federal Action"), for the same causes of action and seeking the same relief (with the exception that the Federal complaint does not seek specific performance). The complaint filed in the Federal Action is based on the same underlying facts as the complaint filed in the State Action. NJEDA filed a motion to dismiss plaintiff's complaint in the Federal Action based on the entire controversy doctrine and the abstention doctrine. We find that the Federal Action is parallel to the State Action, and Colorado River abstention is proper.

## II.  DISCUSSION

This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between the parties, and because plaintiff is claiming damages in excess of $75,000. NJEDA does not dispute jurisdiction in this Court but moves to have the Federal Action dismissed under either the New Jersey entire controversy doctrine, or the abstention doctrine as set forth in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1979). BIL opposes the dismissal of the Federal Action arguing that no adjudication on the merits of any of BIL's claims has occurred in the State

3

Action and, therefore, the entire controversy doctrine does not bar the Federal Action. In addition, BIL maintains that abstention is not appropriate under the Colorado River factors. For reasons explained below, the entire controversy doctrine is not applicable, but abstention under Colorado River warrants dismissal of this case.

### A.   Entire Controversy Doctrine

New Jersey Court Rule 4:30A governs the application of the entire controversy doctrine and provides:

> Non-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine, expect as otherwise provided by R. 4:64-5 (foreclosure actions) and R.4:67-4(a) (leave required for counterclaims or cross-claims in summary judgment actions).

As New Jersey case law provides, the entire controversy doctrine requires that all aspects of the controversy between those who are parties to the litigation be included in a single action. See Kaselaan & D'Angelo Associates, Inc. v. Soffian, 675 A.2d 705, 708 (N.J. Super. 1996); See also Sylvia B. Pressler, Rules Governing the Courts of the State of New Jersey R. 4:30A cmt. 1-2 (2006). As explained by the New Jersey Superior Court, "... the entire controversy doctrine only precludes successive suits involving related claims." Kaselaan, 675 A.2d at 708 (citing Mortgageling Corp. v. Commonwealth Land Title Ins. Co.,

4

662 A.2d 536 (N.J. 1995)). "It does not require dismissal when multiple actions involving the same or related claims are pending simultaneously." Id. Although the entire controversy doctrine does espouse against fragmented and duplicative litigation, it does not bar a federal action from proceeding simultaneously with a state action. Id. at 709.

Thus, the entire controversy doctrine does not require that this Court dismiss plaintiff's complaint because an action in state court is pending.

### B. Abstention Doctrine

The Third Circuit has found that abstention under the factors set forth in Colorado River is rare, and that "... generally, the pendency of a case in state court will not bar federal litigation of a case concerning the same issues if the federal court has jurisdiction over the case before it." Trent v. Dial Medical of Florida, Inc., 33 F.3d 217, 223 (3d Cir. 1994)(overruled in part on other grounds), citing, Colorado River, 424 U.S. at 817. Further, "... the federal courts have a 'virtually unflagging obligation ... to exercise the jurisdiction given them.'" Id. (also citing Olde Discount Corp. v. Tupman, 1 F.3d 202, 211 (3d Cir. 1993).

Abstention under Colorado River is exercised when the cases are parallel. "Generally, cases are parallel so as to justify abstention under Colorado River, when they involve the same

parties and claims." Trent, 33 F.3d at 223 (citing LaDuke v. Burlington Northern R.R. Co., 879 F.2d 1556 (7th Cir. 1989)(cases determined to be parallel where plaintiff sued his employer in state court and filed identical suit in federal court); Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 7 (1983)(cases parallel where state and federal cases involved the same claims and the same parties, although defendants in federal cases were plaintiffs in state cases); and Colorado River, 424 U.S. at 805-06 (same).

Here, the State Action and the Federal Action are identical, and thus parallel. The parties are the same; the claims are the same; and the underlying facts are the same. Having found that these two cases are parallel, we then examine the following factors to determine whether abstention under Colorado River is appropriate: (1) which court first assumed jurisdiction over property involved, if any; (2) whether the federal forum is inconvenient; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the respective courts obtained jurisdiction; (5) whether federal or state law applies; and (6) whether the state court proceeding would adequately protect the federal plaintiff's rights. See Woods v. Corp. Assoc. v. Signet Star Holdings, Inc., 910 F. Supp. 1019, 1027 (D.N.J. 1995).

Applying the Colorado River factors in this case, five of the six factors supports abstention. With regard to the first

factor, plaintiff included a claim for specific performance of the Lease in the State Action and requested the Superior Court of New Jersey to "[provide] BIL with all rights, privileges and licenses granted pursuant to the Lease prior to June 30, 2005," including the right to construct and operate a large format, three dimensional "IMAX" theater.  Although this is a dispute over a contract, not property, if the Superior Court of New Jersey orders specific performance, the order will directly involve rights to property located in New Jersey.  Moreover, the Superior Court of New Jersey is the court of first jurisdiction and, therefore, factor one weighs in favor of abstention.  The second factor is neutral.  The state court house and the federal court house are located within blocks of each other and are equally convenient to the parties.  Factor three tips the balance in favor of abstention.  If the Federal Action were permitted to continue simultaneously with the State Action, piecemeal litigation would result.  The fourth factor favors abstention because the New Jersey Superior Court obtained jurisdiction first and has decided a motion for summary judgment as well as presided over discovery.  The parties agree that New Jersey law applies to each count of BIL's complaint so the fifth factor also supports abstention.  Finally, the sixth factor confirms our decision to abstain since we see no reason, and plaintiff has not provided

any, why the state court proceeding would not adequately protect BIL's federal rights.[1]

The Third Circuit has found that the "principal reasons to abstain, once abstention has been found to be possible, are to avoid piecemeal litigation and to adjudicate state-law issues in state court." Trent, 33 F.3d at 225 (comparing DeCisneros v. Younger, 871 F.2d 305, 309 (2nd Cir. 1989)).  As in Trent, here, state rather than federal law is at issue, piecemeal litigation will likely result if this Court presided over the Federal Action while the State Action was progressing through the system,[2] the State Action was filed before the Federal Action, and substantive time and work has been invested in the State Action. Id.

### IV. CONCLUSION

We find that Colorado River abstention is appropriate and grant NJEDA's motion to dismiss plaintiff's complaint in its entirety.

---

[1] The sixth factor ties into the first factor.  In the Federal Action, plaintiff has not requested specific performance.  Thus, the remedy of specific performance, given the current state of the pleadings, can only be granted in the State Action and, therefore, plaintiff's rights appear to be more fully exercised in the state court proceedings.

[2] BIL has magnanimously offered to dismiss the State Action in favor of the Federal Action.  NJEDA has not accepted this offer.

An Order will be entered consistent with this Opinion.


                                   s/Noel L. Hillman
                              NOEL L. HILLMAN
                              United States District Judge

Camden, New Jersey

Dated: December 8, 2006